IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMIAN E. JOHNSON, C-68641, ) <br> ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> A. HEDGPETH, Warden, ) <br> ) <br>     Respondent(s). ) <br> ) | No. C 11-2384 CRB (PR) <br><br> ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS |

On April 22, 2011, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) February 10, 2009 decision to deny him parole on the ground that the decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public. See Johnson v. Hedgpeth, No. C 11-1976 CRB (PR) (N.D. Cal.).

Per order filed on May 10, 2011, the court denied the petition for a writ of habeas corpus under the rationale of Swarthout v. Cooke, 131 S. Ct. 859 (2011). See id. (order filed on May 10, 2011).  In Cooke, the Supreme Court made clear that, under the Due Process Clause, the protections to which a California inmate is entitled prior to a denial of parole do not include a showing of some evidence of future dangerousness.  Cooke, 131 S. Ct. at 861.

On May 16, 2011, petitioner submitted an unsolicited amended petition which the clerk filed as a new case and assigned to the undersigned as civil case number 11-2384.  In the new petition, petitioner claims that the BPH's February 10, 2009 decision does not comport with due process because (1) it is based on factors not in the pertinent state statute, and because (2) it not based on any reliable evidence.  He then tries to argue himself around Cooke.

But as the Ninth Circuit recently put it, "Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of [the] inquiry into whether [the inmate] received due process.'" Pearson v. Muntz, No. 08-55728, 2011 WL 12388007, at *5 (9th Cir. Apr. 5, 2011) (quoting Cooke, 131 S. Ct. at 862).  Because petitioner has not questioned whether those procedures were provided, this court's inquiry "is at its end."  Id.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.  And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:   May 20, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Johnson, D2.dismissal.wpd

2